## Hynson *v.* Meuillon.

The right of a master, under art. 181 of the Civil Code, to exonerate himself from responsibility for the offences or quasi-offences of a slave, by abandoning the slave to the person injured, is not affected by the circumstance of the slave being at the time confined in prison at hard labor, under a judgment of a court condemning him to imprisonment for a term of years as a punishment for the offence committed by him; and a notarial act of abandonment transfers to the party in whose favor it is made, all the possession which the law will, in such a case, permit the master to give.  C. C. 2455.

APPEAL from the District Court of Rapides, *Cushman,* J.  *O. N. Ogden,* for the plaintiff.  *Edelen,* for the appellant.  The judgment of the court was pronounced by

Rost, J.  The defendant recovered from the plaintiff $500 damages, for an outrage committed upon her person by a slave belonging to him, who was sentenced therefor to fifteen years imprisonment at hard labor.  On the day that the verdict allowing the damages was rendered in favor of the defendant, the plaintiff, *Hynson,* abandoned the slave to her in open court, by a notarial act, a copy of which was then and there filed.  The defendant having caused execution to issue under the judgment rendered on the verdict, and property of the plaintiff to be seized notwithstanding the abandonment, the latter enjoined the proceedings on the ground that, he is released thereby from all further responsibility.  The injunction was perpetuated, and the defendant appealed.  The appellant asks a reversal of the judgment on the ground that, the abandonment contemplated by art. 181 of the Civil Code implies a corporeal delivery of the slave abandoned; and further, that the plaintiff did not take the proper steps to obtain the possession of the slave, and refused to authorise the defendant to take them in his name.

The dispositions of the Code authorise the abandonment of slaves who have committed crimes, and make no exception in relation to those who are undergoing the punishment of their offences.  Their temporary confinement by the State, does not affect the rights of property of the master.  In the eye of the law, he continues to possess, though he may not enjoy; and the notarial act of abandonment transfers to the party in favor of whom it is made, all the possession which the laws of the State will, in such cases, permit the master to give.  C. C. 2455.

It has been contended, in argument, that the sentence *condemning the slave was illegal,* and that he is not confined in the proper place.  This may be true, but the plaintiff believes the punishment inflicted to be just; and there is no legal obligation on his part to take any steps to have the sentence reversed.  By the express disposition of art. 181 of the Code, the title will be in the defendant as soon as she accepts the abandonment, and she requires no authorisation from the plaintiff to resume the possession of the slave, if it be true that he is unlawfully detained in custody.  The confinement of the slave for fifteen years operates, no doubt, a hardship in this case; but it is the inconvenience of all fixed rules of damages, that they, at times, fall short of the actual damage sustained.                                                      *Judgment affirmed.*